## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3020 | **DATE** | 5/29/2008 |
| **CASE TITLE** | The CIT Group/Equipment Financing vs. B.E.S.C.R., Inc., et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's Complaint is hereby dismissed without prejudice for failure to sufficiently allege diversity jurisdiction. Plaintiff has leave to file an Amended Complaint by June 30, 2008 properly alleging diversity jurisdiction or some other basis for federal jurisdiction. Civil case terminated.

■[ For further details see text below.]    Notices mailed by Judicial staff.

### STATEMENT

Plaintiff CIT Group/Equipment Financing, Inc. filed a Complaint against Defendants B.E.S.C.R., Elizabeth Eastwood, and Steven Artstein. Plaintiff's Complaint alleges diversity jurisdiction as the sole basis for federal jurisdiction. "It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998), *quoting Steel C. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

"[A]llegations of residence are insufficient to establish diversity jurisdiction. It is well settled that [w]hen the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (citations and quotations omitted). *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 611, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Plaintiff alleges in its Complaint that Defendant Eastwood is "an individual residing at a property commonly known as 2337 Wyckwood Drive, City of Aurora, Kane County, State of Illinois," and Defendant Artstein is "an individual residing at a property commonly known as 915 Huckleberry Lane, Northbrook, County of Cook, State of Illinois." Plaintiff, however, fails to allege the citizenship of either of these Defendants. In addition, because the Complaint refers to state of CIT's "principal *office*" rather than CIT's "principal *place*" of business, the Complaint creates an unnecessary ambiguity regarding CIT's citizenship. *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("although the state in which a corporation has its headquarters is not always the state of the corporation's principal place of business (hence the complaint should not have used the term 'principal offices'), usually it is" (parentheses in original)); *see also* 28 U.S.C. §1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State

**STATEMENT**

where it has its principal place of business"). Accordingly, the Complaint is dismissed without prejudice for failure to sufficiently allege diversity jurisdiction. Plaintiff has leave to file an Amended Complaint by June 30 properly alleging diversity jurisdiction or some other basis for federal jurisdiction.